**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**REX M. MARTINEZ, ESQ.**
Nevada Bar No. 15277
E-mail: rmartinez@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TANYA MAYFIELD, an Individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| CENTENE CORPORATION, a Foreign Corporation. | |
| Defendants. | |

The Plaintiff Tanya Mayfield ("**Ms. Mayfield**" or "**Plaintiff**") by and through her attorneys, Jenny L. Foley, Ph.D., Esq. and Rex M. Martinez, Esq., of HKM Employment Attorneys LLP, hereby complain and allege as follows:

**JURISDICTION**

1. This is an action for damages brought by Plaintiff for unlawful workplace discrimination and retaliation based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*; discrimination and retaliation under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101 et. Seq.; for monetary damages to redress the deprivation of rights secured to the Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. § 1981; for retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §

2601, et seq.; for violation of Nevada Revised Statute §613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4. On or about March 25, 2020, Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("EEOC") wherein he alleged discrimination based on race, national origin, age, and retaliation.

5. On or about October 11, 2020, Plaintiff received her Notice of Right to Sue from the EEOC.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**GENERAL ALLEGATIONS**

8. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9. Plaintiff is a United States citizen and current resident of Clark County, Nevada.

10. Defendant CENTENE CORPORATION (hereinafter "**Centene**" or "**Defendant**") is a foreign corporation and an employer in the State of Nevada.

11. At all times relevant to this matter, Defendant had over 500 employees, and is therefore subject to the provisions of Title VII.

12. Plaintiff is an African American female.

13. Unfortunately, Plaintiff suffers from Scoliosis, Spinal Degeneration, Degenerate Disc Disease, and intense migraines.

14. Plaintiff has received treatment for these conditions, including, but not limited to, Spinal injections, injections for migraines, MRIs, MRAs, as well as chiropractor and acupuncture treatments.

15. When Plaintiff has intense migraines and severe back pain caused by her conditions, she is unable to perform her computer and desk work. As such, it is medically necessary for Plaintiff to be absent from work due to episodic flare-ups as well as for treatment and procedures.

16. Plaintiff first began her employment with Defendant in California in 2017 as an Account Executive and Contract Coordinator.

17. Shortly after, Plaintiff began working in Nevada in the same capacity.

18. Plaintiff is qualified for the position and has performed her duties satisfactorily and had no discipline issues during her employment with Defendant.

19. Plaintiff has been recognized for her superior service on several occasions.

20. When plaintiff began working in Nevada, Christine Hall became Plaintiff's Supervisor.

21. While working under Ms. Hall, Plaintiff experienced several discriminatory acts based on her race.

22. One such example that occurred early on and happened often was Ms. Hall purposefully excluding Plaintiff from weekly meetings.

23. In early 2019, Ms. Hall determined that Plaintiff and the only other African American employee, Nick LNU, should be moved to a different area and placed under the supervision of an African American supervisor, Billie LNU.

24. Plaintiff and Nick LNU complained about this racially motivated employment condition, and both of them were transferred back under the supervision of Ms. Hall.

25. In addition, Ms. Hall would single Plaintiff out and excessively nit-pick,

scrutinize, and demean Plaintiff in a severely unprofessional and hostile manner.

26. Upon information and belief, Defendant unlawfully retaliated against Plaintiff for submitting a complaint of discrimination regarding Ms. Hall's behavior.

27. In September 2019, Plaintiff complained to both the Ethics Hotline as well as to Human Resources about the ongoing racially discriminatory acts taken against her, but not only did the discriminatory acts continue, but they increased because of Plaintiff complaint.

28. Plaintiff was also alienated and excluded on the basis of her race.

29. On one such instance in November 2019, Plaintiff, as well as Nick LNU, were excluded from a company event.

30. Upon information and belief, Plaintiff and Nick LNU are the only two African American employees and they were the only ones excluded.

31. When Plaintiff reported this incident, Human Resources claimed that it was because they were hourly employees, highlighting the fact that the only two hourly employees were both African American and working under Ms. Hall.

32. In January 2020, Plaintiff's complaints of a racially hostile environment were met with further retaliation when Ms. Hall rated Plaintiff as "barely meets expectations" in her employment review.

33. Plaintiff always accomplished all of her job duties, never had any complaints against her, and had previously received at least two prior satisfactory or better reviews while working for Defendant.

34. During the same month, Ms. Hall began a screaming match that led Plaintiff to once again report Ms. Hall's hostile behavior.

35. Ms. Hall was later made to apologize for this behavior.

36. In February 2020, Plaintiff went on FMLA leave for surgical procedures related to her conditions, which was approved and included ADA accommodations to work from home.

37. When Plaintiff returned from her FMLA leave on February 26, 2020, Defendant terminated Plaintiff.

38. Defendant refused to give Plaintiff a reason for her termination.

39. At a later time, Defendant told the Labor Commissioner that Plaintiff was terminated for telling a patient that she did not care if that patient had to drive two hours to make a payment.

40. This reason is clearly fabricated as Plaintiff was an Account Executive and Contract Coordinator, so she did not have any contact with patients and only worked with doctors and provider groups. Further, this alleged incident happened while Plaintiff was out on FMLA leave and unable to speak due to her recent surgical procedures.

41. However, during Plaintiff's FMLA leave, she did file her complaint and dispute against Ms. Hall for her discriminatory and retaliative performance review.

42. Upon information and belief, Defendant discriminated against Plaintiff on the basis of race and retaliated against her not only for reporting the discrimination but also for taking her FMLA leave.

**FIRST CAUSE OF ACTION**

**(Discrimination Based on Race and Disability in violation of State and Federal Statutes)**

43. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

44. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, disability, or a combination of both.

45. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq., Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

46. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly allowing an employee to harass Plaintiff because of her race, by failing to address Plaintiff's complaints of racial discrimination, and by failing to honor Plaintiff's requested and approved disability accommodations.

47. No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

48. Plaintiff suffered adverse economic impact due to Defendant's discriminatory behavior and termination.

49. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

50. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

51. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

52. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

53. Plaintiff suffered damages in an amount deemed sufficient by the jury.

54. Plaintiff is entitled to an award of reasonable attorney's fees.

55. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her race and disability.

56. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)**

57. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

58. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

59. In violation of NRS 613.340 Defendant retaliated against Plaintiff after he complained of acts, which he reasonably believed were discriminatory.

60. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

61. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

62. Plaintiff suffered damages in an amount deemed sufficient by the jury.

63. Plaintiff is entitled to an award of reasonable attorney's fees.

64. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because he submitted a complaint of racial discrimination with the general manager.

65. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## THIRD CAUSE OF ACTION

**(Violation of the Americans with Disabilities Act)**

66. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

67. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

68. Because Scoliosis, Spinal Degeneration, Degenerate Disc Disease, and intense migraines limit at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

69. Plaintiff was fully qualified to be an Account Executive and Contract Coordinator and could perform the essential functions of the position.

70. Defendant is a covered employer to which the ADA applies.

71. Defendant discriminated against Plaintiff's employment because of her

Scoliosis, Spinal Degeneration, and Degenerate Disc Disease.

72. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

## FOURTH CAUSE OF ACTION

### (Violation of the Civil Rights Act of 1871, §1981)

73. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

74. Plaintiff is African American and therefore a member of a protected class.

75. Defendant engaged in the above-mentioned harassment and discrimination of Plaintiff with the purposeful intent to discriminate against her because of her race (African American).

76. Under similar circumstances, other, White or non-African American employees were not subjected to a racially hostile working environment.

77. Plaintiff was subject to disparate treatment and retaliation through adverse employment actions, and favorable behavior toward white employees, which is prima facie evidence of purposeful intent to discriminate against Plaintiff because of her race.

78. Plaintiff suffered damages in an amount deemed sufficient by the jury.

79. Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

80. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly violated Plaintiff's rights under Section 1981 of the Civil Rights Act of 1871.

81. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

/ / /

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Retaliation in Violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq.)**

82. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

83. Defendant operates in interstate commerce and have over 50 employees within a 75-mile radius of the location where Plaintiff was employed. Defendant is therefore "covered employer(s)," as defined as 29 U.S.C. § 2611(4) under the FMLA.

84. Plaintiff availed herself of a protected right under the FMLA by taking FMLA leave for a serious health condition in February 2020.

85. Plaintiff, upon immediately returning from her approved FMLA leave, was terminated.

86. Defendant's violations of the FMLA were willful and without justification.

87. Defendant's above-described conduct and violations of the FMLA were done with malice, oppression, and with a conscious disregard for Plaintiff's rights under the FMLA.

88. Plaintiff is entitled to damages equal to her lost wages, salary, employment benefits and other compensation denied or lost, liquidated damages as provided under the FMLA, costs, attorneys' fees, interest, and equitable relief as deemed appropriate.

**SIXTH CAUSE OF ACTION**

**(Intentional/Negligent Infliction of Emotional Distress)**

89. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

90. Defendant's conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

91. Defendant's conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

92. Defendant had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

1  93. Defendant breached that duty.

2  94. Defendant's intentional or negligent conduct was the legal, actual, proximate
3  cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct
4  described herein.

5  95. Defendants must pay damages in an amount to be determined at trial but
6  exceeding $25,000f for emotional pain, suffering, inconvenience, mental anguish and loss of
7  enjoyment of life because they engaged in illegal actions.

8  96. Because Defendants are guilty of oppression, fraud or malice, express or
9  implied, Defendants must pay Plaintiff an additional amount for the sake of example and by
10 way of punishment.

11 97. Plaintiff has had to obtain the services of an attorney to protect her rights and
12 secure compensation for the damages incurred as a result of these violations and therefore, she
13 is entitled to recover reasonable attorney's fees against Defendants.

14 **WHEREFORE,** Plaintiff prays this court for:

15  a. A jury trial on all appropriate claims;

16 moreover, to enter judgment in favor of the Plaintiff by:

17  b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax
18     consequences) for all economic losses of any kind, and otherwise make her
19     whole in accordance with Title VII, the Civil Rights Act of 1871, §1981, the
20     Americans with Disability Act, the Family Medical Leave Act, and certain
21     claims brought pursuant to the Nevada Revised Statutes;
22  c. General damages;
23  d. Special damages;
24  e. An award of compensatory and punitive damages to be determined at trial;
25  f. Liquidated damages in accordance with the FMLA;
26  g. Pre- and post-judgment interest;
27  h. An award of attorney's fees and costs; and
28  i. Any other relief the court deems just and proper.

1 | Dated on this 4 Day of November, 2020.

2 | **HKM EMPLOYMENT ATTORNEYS, LLP**

3 | */s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., Esq.**
4 | Nevada Bar No. 9017
**REX M. MARTINEZ, Esq.**
5 | Nevada Bar No. 15277
1785 East Sahara, Suite 300
6 | Las Vegas, Nevada 89104
Tel: (702) 805-8340
7 | Fax: (702) 805-3893
E-mail: jfoley@hkm.com
8 | *Attorneys for Plaintiff*